RECEIVED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

          *

HORACE M. BLACK,         *

     Petitioner,      *  CIVIL NO.

                 *  CRIM. NO. **2:04CR-169-A**

     vs.            *

UNITED STATES OF AMERICA,   *

     Respondent.    *  28 U.S.C. § 2255

------------------------------------------------------------------

### MOTION TO VACATE, CORRECT OR SET ASIDE SENTENCE PURSUANT TO 28 U.S.C. § 2255

COMES NOW, Horace M. Black, hereinafter "Petitioner" or "Movant", proceeding <u>Pro Se</u>, and files his motion pursuant to Section 2255, claiming that he received ineffective assistance of counsel at the time of sentencing and or direct appeal because counsel failed to follow the requests of Petitioner before sentencing.

In support of the above claim, Petitioner states as follows:

### PROCEDURAL HISTORY

The Petitioner contends that he was indicted by a Grand Jury sitting in and for the Middle District of Alabama under a

One (1) count indictment. Count One charging, violation of Title 18 U.S.C. § 2113 (Armed Bank Robbery).

A plea of guilty was entered by the Petitioner pursuant to a written Plea Agreement. Sentencing was set for April 12, 2005.

The court then sentenced Petitioner to a term of 140 months pursuant to Count One. Petitioner was also sentenced to serve a term of five (5) years of Supervised Release. At sentencing the court said petitioner had the right to appeal. Counsel assured petitioner that he (counsel) would appeal.

After petitioner checked with the Court of Appeals for the Eleventh Circuit in Atlanta, Georgia months later, he found out that no appeal in his behalf was pending. After petitioner contacted his counsel he told petitioner that there were no appealable issues. Counsel failed to file an <u>Anders</u> Brief in this case.

## ISSUES PRESENTED

The Petitioner respectfully asks that this court adjudicate the following issue, to wit:

> (1) Counsel Was Ineffective For Failure To File Notice of Appeal Or To Perfect An Appellant Brief When Requested To Do So By The Defendant.

## I.  FAILURE TO FILE APPEAL

It is contended that counsel failed to file notice of appeal in the above styled case, even though Petitioner asked that an appeal be filed.  The fact that counsel failed to adhere to the Petitioner's request is clear proof of counsel's deficiency. See Strickland v. Washington, 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984), in which it was established that under the Federal Constitution's Sixth Amendment, a convicted defendant who alleges ineffective assistance of counsel has to show that (1) counsel's representation fell below an objective standard of reasonableness; and (2) that the deficiency of counsel prejudiced the defendant.

In effect, Strickland provides the proper framework for the evaluation of claims that a defendant's counsel has been ineffective; in this case more specifically, for failure to file timely notice of appeal.  A lawyer who disregards a specific instructions from a defendant in a criminal case acts in a manner that is professionally unreasonable since, (1) a defendant who instructs counsel to initiate the appeals process relies on the counsel to file the necessary notice since the defendant is obviously not in a position or have the legal knowledge to do so himself; and (2) counsel's failure to do so cannot be con-strued as being a strategic decision -- as filing a notice of appeal is a purely ministerial task -- and failure to file reflects inattention to defendant's wishes.

-3-

In the instant case, Petitioner was informed during the plea process that he had a right to appeal his conviction under the instant counsel, also being that there was a dispute concerning the Career Offender provision enhancement and there validity. Petitioner could, however, still ask on appeal that the sentence imposed be done so under the auspices of the Blakely standard in the even that the court found Blakely to apply to the Federal Guidelines or to the facts of his case. Because the Blakely issue was still pending in the Federal Courts, the Petitioner felt that it was in his best interest to preserve his review of the sentence itself for plain error on direct, even though Petitioner waived his objections to the claims of Blakely at sentencing. While it is unclear what the impact of Blakely may have been in the case therein, the fact remains that Petitioner put his trust in counsel to protect his rights during the proceedings just as he did with the appeal notice.

It is however, clear, that the courts have the power, and must judge the reasonableness of counsel's conduct based on the facts of the particular case, viewed as of the time counsel's conduct. See, 466 U.S. at 690, 80 L.Ed.2d 674, 104 S.Ct. 2053 "[j]udicial scrutiny of counsel's performance must be highly differential," id. at 689, 80 L.Ed.2d 674, 104 S.Ct. 2052. A lawyer who disregards a defendant's specific instrucitons to file a notice of appeal acts in a manner that is unprofessional and unreasonable. See Rodriquez v. United States, 395 U.S. 327,

23 L.Ed.2d 340, 89 S.Ct. 1715.

Where an appeal is available as a matter of right, decisions
to seek or forego review is a matter for the convict himself to
decide, not his counsel.  See Jones v. Barnes, 463 U.S. 745, 751,
77 L.Ed.2d 987, 103 S.Ct. 3308 (1983), who instead owes the
person whom he is representing, effective assistance of counsel.
This is even more important during the appellate stages when,
in a manner of speaking, the defendant, prostrate before the
court, is in the moment of most need.  See Evitts v. Lucy, 469
U.S. 387, 396, 83 L.Ed.2d 821, 105 S.Ct. 830 (1985); see also
Pemon v. Ohio, 488 U.S. 75, 85, 102 L.Ed.2d 300, 109 S.Ct. 346
(1988).

The Petitioner does  not contend,  nor argue, that his
issues would have been successful; he does, however, argue that
he did have a right to appeal the sentence imposed, regardless
of what the merits may in fact have been.  See Evitts v. Lucey,
469 U.S. 387, 391-405 (1985)(which states that an attorney's
failure to file an appeal on behalf and at the behest of his
client is per se ineffective, irrespective of the merits of the
appeal).  United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993).

## CONCLUSION

WHEREFORE, based upon counsel's failure to file the above
notice (appeal), Petitioner asks that his appeal be reinstated,
or alternatively, that an Evidentiary Hearing be GRANTED on the

issues which are contained herein.

Respectfully submitted,

Horace M. Black
Petitioner, Pro Se
Reg. No. 11497-002
F.C.I. Estill
P.O. Box 699
Estill, S.C.  29918-0699


## UNSWORN DECLARATION

I, the undersigned, affirm under penalty of perjury pursuant to 28 U.S.C. § 1746 and under the laws of the United States that the above states are true and correct.  Executed on this _C1_ day of December, 2005.

Horance M. Black

-6-

## CERTIFICATE OF SERVICE

I, the undersigned, delcare that a copy of the foregoing Motion has been mailed, via pre-paid U.S. Mail to all concerned parties, and that the information contained herein is true and correct under Title 28 U.S.C. § 1746 and under the laws of the United States.  Executed on this _01_ day of December, 2005.


Clerk of Court
One Court Square
P.O. Box 197, Suite 201
Montgomery, Alabama  36101-0197


Horace M. Black
Petitioner, Pro Se
Reg. No. 11497-002
F.C.I. Estill
P.O. Box 699
Estill, S.C.  29918-0699