**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **HORACE M. BLACK,** | ) | |
| | ) | |
| **Defendant/Movant,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO. 05cv1178-T** |
| | ) | **(04cr169-A)** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**UNITED STATES' RESPONSE TO § 2255 MOTION**

COMES NOW the United States of America, by and through its attorney, Leura Garrett

Canary, United States Attorney, and, in compliance with this Court's order to show cause,

responds to Defendant/Movant Horace M. Black's Motion Under § 2255 to Vacate, Set Aside,

Or Correct Sentence By a Person In Federal Custody, as follows:

## I.  PROCEDURAL HISTORY AND RELEVANT FACTS

On August 17, 2004, a grand jury for the Middle District of Alabama returned a two-

count indictment against Defendant/Movant Horace M. Black.  See Exhibit A, the indictment.

Count 1 of the indictment charged that, on or about August 5, 2004, in Butler County, within the

Middle District of Alabama, Black, while aiding and abetting those unknown to the grand jury,

by force, violence and intimidation did attempt to take from the person and presence of another,

currency belonging to and in the care, custody, control, management, and possession of the

Peoples Bank and Trust in Greenville, Alabama, the deposits of which were then insured by the

Federal Deposit Insurance Corporation, and in committing such offense, Black did assault and

put in jeopardy the life of another person by the use of a dangerous weapon, that is a firearm, in

violation of 18 U.S.C. §§ 2, 2113(a), and 2113(d).   Count 2 of the indictment charged that, on or

about August 5, 2004, in Butler County, within the Middle District of Alabama, Black, did

unlawfully and knowingly use and carry a firearm, that is, a Smith and Wesson, Model 669 9mm,

handgun, during and in relation to an attempted bank robbery, a crime of violence prosecutable in

a court of the United States, as charged in Count 1.  In addition, Count 2 charged that Black

possessed the firearm in furtherance of the commission of said attempted bank robbery; and

brandished said firearm, all in violation of 18 U.S.C. § 924(c)(1).

Black subsequently entered into a sealed plea agreement in this case.  (Doc. #29.)  It

provided that, in return for a guilty plea to Count 1 of the indictment, the United States would

dismiss Count 2 of the indictment, agree to reduce Black's offense level by three points for

acceptance of responsibility, and file a motion for a downward departure at sentencing if Black

fulfilled his obligations to cooperate with prosecutors.  After setting forth a factual basis for the

plea, the agreement provided that Black waived his right to appeal under 18 U.S.C. § 3742, or to

file a collateral attack, except in the events of an upward departure from the applicable

Guidelines range, ineffective assistance of counsel, or prosecutorial misconduct.  Black entered a

guilty plea before this Court on January 24, 2005.

The United States filed a sealed motion for a downward departure, and a motion for

Black to receive credit for acceptance of responsibility.  (Doc. ## 36, 40.)  On April 12, 2005,

this Court sentenced Black to serve 140 months in prison.  Judgment was entered in this case on

April 14, 2005.  (Doc. #43.)

Black filed a Motion to Vacate, Set Aside or Correct Sentence on December 1, 2005.  On

December 15, 2005, this Court entered an order directing the United States to respond within

thirty days.  On January 4, 2006, Attorney Terry R. Smyly filed an affidavit which responded to

2

the assertions made by Black.  The United States now files this response to the amended § 2255 motion.

## II.  CLAIMS RAISED IN THE § 2255 MOTION

As far as the United States can discern, Black raises the following issue in his § 2255 motion:

1.    Counsel was ineffective for failing to appeal from the final judgment and sentence.

## III.  RESPONSE TO CLAIMS FOR RELIEF

**A.    Black Has Met The One-Year Statute Of Limitations Deadline For The Filing of Claims Under 28 U.S.C. § 2255.**

The United States notes at the outset that Black has filed his motion in a timely manner under paragraph six of 28 U.S.C. § 2255, which provides a one-year period of time within which to file a motion under the rule.  The applicable provision in this case requires that a movant file his § 2255 motion within one year from "the date on which the judgment of conviction became final."

Black was sentenced on April 12, 2005, and judgment was entered on April 14, 2005.  He did not appeal his sentence to the Eleventh Circuit Court of Appeals.  Although not specifically addressing the application of the statute of limitations to the 10-day notice of appeal requirement, the Eleventh Circuit has held that a judgment of conviction becomes final for someone who appeals to an appellate court when the time for seeking certiorari review in the Supreme Court expires.  See Kaufman v. United States, 282 F.3d 1336, 1337-39 (11th Cir.2002).  Likewise, a judgment of conviction becomes final for someone who does not appeal when the time for seeking that appeal expires.  Black had ten days from the April 14, 2005 entry of judgment by

3

this Court to seek review by the Eleventh Circuit, and his sentence became final when the time for filing an appeal expired on April 25, 2005 - the first business day occurring after April 24, 2005. Therefore, under § 2255, Black had until April 25, 2006 to file his motion. He filed his motion on December 1, 2005. It is, therefore, timely.

**B.    Black's Counsel Was Not Ineffective.**

Black claims that he requested his attorney, Terry R. Smyly, to file an appeal, and that Smyly's failure to do so constituted ineffective assistance of counsel. Where counsel fails to file a notice of appeal after having been so instructed by his client, a showing of prejudice is not required, as the United States Supreme Court has long recognized that such action is both professionally unreasonable and presumptive prejudicial. See Roe v. Flores-Ortega, 528 U.S. 470, 477, 484-85 (2000); Peguero v. United States, 526 U.S. 23, 28 (1999); Rodriguez v. United States, 395 U.S. 327, 329-30 (1969). The Eleventh Circuit has consistently held that, in these circumstances, defendants need not show viable grounds for appeal where requested. See McIver v. United States, 307 F.3d 1327, 1330 at n.1 (11th Cir. 2002); Martin v. United States, 81 F.3d 1083 (11th Cir. 1996); Montemoino v. United States, 68 F.3d 416, 417 (11th Cir. 1995).

Crucial to a Court's ruling that an appeal be permitted in circumstances such as those alleged by Black is a finding that the defendant did, in fact, instruct his attorney to file a notice of appeal. In the McIver and Martin cases, the fact of counsel's failure to file the requested notice of appeal was established in the record. See McIver, 307 F.3d at 1329; Martin, 81 F.3d at 1084. In Montemoino, the Eleventh Circuit remanded the case for a hearing to determine whether the facts supported the defendant's allegation that he actually requested an appeal, and conditioned relief on a finding that the request was made. Montemoino, 68 F.3d at 418. See also United

4

States v. Snitz, 342 F.3d 1154, 1156 (10th Cir. 2003)(where the district court acknowledged the defendant's "credible testimony that immediately following his sentencing, he told his attorneys he wanted to appeal his sentence.")

The recent decision in Gomez-Diaz v. United States, ___ F.3d ___, 2005 WL 3465538 (11th Cir. Dec. 20, 2005), is consistent with past cases on the issue raised in Black's motion. That case presented a petitioner who, the district court determined, "explicitly asked his attorney to appeal," but was persuaded not to by the attorney.  Gomez-Diaz, manuscript op. at 2005 WL at 3465538, 2.  The Eleventh Circuit remanded with instructions for the district court to determine

> (1) whether Petitioner's initial statement of his desire to appeal was sufficient to trigger the per se duty to appeal outlined in Flores-Ortega; and (2) if not, whether Petitioner's attorney fulfilled his constitutional duty to consult with his client and to make a reasonable effort to determine Petitioner's wishes, and whether he acted in accordance with those wishes.

Id. at *4.

In effect, the Eleventh Circuit requires a petitioner to establish that he actually instructed his counsel to file an appeal.  Here, Smyly's affidavit avers that he met with Black shortly after sentencing to determine whether he wished to appeal notwithstanding his receipt of a sentence that was "far less than he would likely have received had he gone to trial . . . ."  See Exhibit B, Affidavit of Terry R. Smyly.  Smyly describes visiting Black at the Montgomery City Jail to expressly asked whether he wished to file an appeal, and that Black "specifically advised me that he did not want to appeal."  Id.  Thus, Smyly "fulfilled his constitutional duty to consult with his client and to make a reasonable effort to determine Petitioner's wishes."  Gomez-Diaz at *4.  He complied with Black's instruction that no appeal be filed.  Black's version of events omits this meeting, and he instead states that Smyly told him at sentencing that "he would appeal."  Black

5

Motion, at 2.

The United States notes that the filings in this case produce a situation where this Court must determine whether the pleadings filed by Black or Smyly are truthful.  It submits, however, that if Black truly believed that he had requested an appeal, he would have contacted Smyly directly, as the attorney/client relationship would have been ongoing.  Black's assertion that he inquired with the Clerk for the Eleventh Circuit to determine the status of his appeal is an indication that he understood that Smyly's representation in his case had concluded.  The facts relayed in his own pleadings, therefore, mitigate against the relief requested.

## IV.  A HEARING IS NOT NECESSARY IN THIS MATTER

Black has not pleaded facts or presented sufficient evidence or argument which, if true, show that he is entitled to an evidentiary hearing, and his claims for relief should be denied without an evidentiary hearing.  See Blacklidge v. Allison, 431 U.S. 63, 73-74 (1977); Tejada v. Dugger, 941 U.S. 1551, 1559 (11th Cir. 1991); United States v. Laetividal-Gonzalez, 939 F. 2d 1455, 1465 (11th Cir. 1991).  Should this Court determine that Black has made any arguments not addressed in this response, the United States would request the opportunity to further respond to those arguments.

## V.  CONCLUSION

For the above reasons, Defendant/Movant Horace M. Black has failed to demonstrate that he is entitled to any relief from this Court, and his § 2255 motion should be denied without an evidentiary hearing.

Respectfully submitted this 11th day of January, 2006.

/s/ Clark Morris
CLARK MORRIS
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7135 fax
clark.morris@usdoj.gov

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| **HORACE M. BLACK,** | ) | |
| | ) | |
| **Defendant/Movant,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO. 05cv1178-T** |
| | ) | **(04cr169-A)** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 11, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and have mailed by United States Postal Service the document to the following non-CM/ECF participant: Horace M. Black, #11497-002, FCI Estill, P.O. Box 699, Estill, SC 29918-0699.

Respectfully submitted,

LEURA GARRETT CANARY
UNITED STATES ATTORNEY

/s/ Clark Morris
CLARK MORRIS
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7135 fax
clark.morris@usdoj.gov

8