UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
MONTGOMERY DIVISION

| | | |
|---|---|---|
| Horace M. Black, | ) | |
| Petitioner, | ) ) ) | |
| -Vs- | ) ) | Case No: 2:05-CV-1178 WKW |
| United States of America, | ) ) | |
| Respondent. | ) ) | |

RECEIVED

2006 MAR 10 A 10: 26

## PETITIONER'S SUPPLEMENTAL ISSUE
## OF INEFFECTIVE ASSISTANCE OF COUNSEL
## PURSUANT TO RULE 15 OF FED.R.CIV. PROC.

**COMES NOW,** petitioner Horace M. Black, pro se and respectfully submits his supplemental issue of Ineffective Assistance of Counsel as granted by the Court in support of Petitioner's motion for relief pursuant to 28 U.S.C. §2255. In support thereof, petitioner states the following:

### II. WHETHER COUNSEL WAS INEFFECTIVE FOR FAILURE TO SECURE STATE RECORD WHICH WOULD HAVE NEGATED THE CAREER OFFENDER ENHANCEMENT BEING THAT SIMPLE POSSESSION WOULD NOT SUPPORT ENHANCEMENT.

The Petitioner argues that his counsel was ineffective for his failure to pursue his state plea record's in order that he(counsel), could prove that the government's reliance on a state prior conviction was invalid for use in applying the career criminal statute under §4B1.1 of U.S.S.G..

The conviction in question was for possession with intent to sell case number, #94-915 (age 17), counsel wasn't there to represent petitioner. Moreover, petitioner purchased 7 rocks of cocaine (crack) for personal use, he received 6 month's in jail on June 2, 1994. According to the plea negotiation between the state and petitioner, if he entered a plea of guilty, he would

be sentenced to a term of six months, in exchange for his plea, the charge would be reduced to "simple possession", because the petitioner admitted to being on drugs and was told to seek rehabilitation and community service. The Petitioner readily agreed especially since he was being threatened with the fact of being tried as an adult and being sent to an adult prison, even though Petitioner did get sent to prison, the term was only six months.

Clearly, it was in the best interest of Petitioner to accept the plea, especially since he could avoid a lenghty stay, had the charge been for sale, instead of simple possession. While it is unclear why the record showed that Petitioner had been charged with that of possession with intent to sale, his understanding when entering the plea was that he would be sentenced for that of simple possession.

The fact that counsel failed to investigate the underlying fact's of the state predicate conviction when presenting his argument concerning the validity of the conviction before the District Court during sentencing proves that he was ineffective. See United States v. Ford, 918 F.2d 1343 (8th Cir. 1990), the Court found that Counsel's failure to argue for acceptance of responsibility, in light of commentary, which could have provided the defendant with the reduction, denied the defendant a fair sentencing. Id at 1350. In the case of United States v. Headley, 923 F.2d 1079 (3d Cir. 1991), the Court found ineffective assistance where counsel failed to argue for a reduction for a minor role in the offense, given the court's willingness to consider such an adjustment. Id at 1084.

While looking at his plea in the State, if he had the advantage

of having counsel represent him at the plea, the outcome may have been different,[1] but petitioner thought that his plea was clear enough for him to understand and therefore proceeded without counsel. It is unclear why the State did not honor it's plea agreement to reduce the sentence to that of "simple possession" as was promised. In the case of <u>United States v. Masters</u>, 539 F.2d 721 (1976), it was held that "although there are a number of rights that may be waived by the actions or inaction of counsel, there are certain fundamental rights that can be waived only where the record affirmatively discloses a voluntarily, knowing, intelligent relinquishment of the right by the defendant, counsel is so to advise him or her of the full consequences before a plea of guilty to a charged offense of any nature."

    In the case at bar, the petitioner was 17 years old and did **not** have the advise of counsel, but still he knew that he was promised a reduced charge of possession <u>only</u> and this record was available, however counsel made no effort to provide this information to the District court, thereby allowing the enhancement to be applied.

    The Petitioner ask that an evidentiary hearing be held concerning this matter because he is positive that had counsel sought the State plea record, he would have found that a negotiated plea deal existed, thus negation the Career offender enhancement. see <u>United States v. Camacho</u>, 40 F.3d 349 (11th Cir. 1994), this Circuit has found that normally, when ineffective assistance claims are made, a court should hold an evidentiary hearing to develope the record on that issue. Id. at 355.

    Wherefore, based upon the foregoing fact's Petitioner respectfully ask that this court grant relief by finding counsel's performance

to be deficient so that justice may be served in the instant case.

> Respectfully Submitted,
>
> _____
> Horace M. Black
> Reg. # 11497-202
> P.O. Box 699
> F.C.I. Estill
> Estill, SC 29918

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been mailed on all parties of interest at the Office of the United States Attorney, at: A. Clark Morris, P.O. Box 197, Montgomery, AL 36101-0197 and all statements are both true and correct, therefore subject to the penalties of perjury under 28 U.S.C. §1746.

DATED: 03/04/06                /s/ _____
                               Horace M. Black
                               Reg. # 11497-202
                               P.O. Box 699
                               F.C.I. Estill
                               Estill, SC 29918

4